UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROOKE ELENA TASKILA,

        Plaintiff,                          CIVIL ACTION NO. 14-12674

  v.

                                      DISTRICT JUDGE NANCY G. EDMUNDS
                                      MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant

**GRANTED**, as there was substantial  evidence on the record that claimant retained the

residual functional capacity for a limited range of sedentary work.

II.     REPORT

     A.      Introduction and Procedural History

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and

Supplemental Security Income (SSI) benefits on June 28, 2011, alleging that she had been

disabled and unable to work since October 27, 2010, at age 31, due to neck and hand pain

secondary to a closed head injury.  She also claimed she was disabled as a result of

depression and anxiety. Benefits were initially denied by the Social Security Administration.

A requested <u>de</u> <u>novo</u> hearing was held on December 4, 2012, before Administrative Law

Judge (ALJ) Patrick J. MacLean. The ALJ subsequently found that the claimant was not

entitled to disability benefits because she retained the ability to perform a limited range of

sedentary work. The Appeals Council declined to review that decision and Plaintiff

commenced the instant action for judicial review of the denial of benefits.  The parties have

filed Motions for Summary Judgment and the issue for review is whether Defendant's denial

of benefits was supported by substantial evidence on the record.

Claimant was 34 years old at the time of the administrative hearing (TR 34). She had

completed three years of course work at the University of Michigan, and had been employed

by during the relevant past as a fast food worker and classified advertisement clerk (TR 35,

53-54, 326). Plaintiff alleged that she had been disabled since October 2010, as a result of

severe neck and back pain, poor memory and emotional difficulties (TR 39-41, 52). She

could not pick up small objects due to bilateral carpal tunnel syndrome (TR 46).  Pain

medications proved ineffective, and caused digestive problems (TR 39-41). Claimant

explained that her back, neck and hand pain prevented her from doing any housework.  The

pain also interfered with her studies at college, and caused her grade point average to decline

(TR 37-38, 53-54).  She asserted that she had no friends at school other than her roommate

(TR 37).

A Vocational Expert (VE), David Howorta, classified Plaintiff's past work as sedentary to light, skilled and unskilled activity (TR 61). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 64). If she were capable of sedentary work, however, there were numerous unskilled telephone operator and system surveillance monitor jobs that she could still perform with minimal vocational adjustment (TR 63-64). These jobs did not expose her to excessive vibrations, unprotected heights or moving machinery. She would be allowed a sit-stand option, provided she was not off task more than 10 percent of the workday. The jobs involved performing simple, routine and repetitive tasks free of fast paced production requirements. There would be few workplace changes, and only occasional interaction with the public and co-workers (TR 61, 63).

### B.     ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of carpal tunnel syndrome involving the right upper extremity, cervical spine radiculopathy, status post closed head injury, an adjustment disorder with depressed mood and generalized anxiety. Claimant did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. Nevertheless, the ALJ determined that Plaintiff remained capable of performing a limited range of sedentary work providing a sit-stand option every 15 minutes that would not expose her to excessive vibration, unprotected

---

[1] The witness opined that Plaintiff's alleged need to be off work for extended periods in order to go to the doctor would preclude work activity (TR 64).

heights or moving machinery. The Law Judge found that claimant could not climb ladders or reach with either arm. She was further limited to jobs where she would only have to perform simple, routine tasks free of fast paced production requirements with no more than occasional interaction with the public or co-workers. Despite these functional limitations, the ALJ concluded that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert (TR 12-23).

### C.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also

supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not support a conclusion that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly discounted her allegations of disabling functional limitations, given the medical evidence of record. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

**D.     Discussion and Analysis**

After review of the record, I suggest that there is substantial evidence in the record supporting the Commissioner's conclusion that Plaintiff retains the residual functional capacity for a restricted range of sedentary work. The medical evidence, as a whole, fails to provide objective support for claimant's allegations of severe and totally disabling functional limitations stemming from her joint pain or emotional difficulties.

Review of the medical evidence of record reveals that the claimant injured her back and neck in three separate automobile accidents. Following the most recent accident in October 2010, Dr. Eric Clark, a primary care physician, indicated that Plaintiff had enjoyed

good results from physical therapy prescribed to help alleviate upper back and neck pain (TR 294, 301-302, 335-380).

A treating neurologist, Dr. Karim Fram, reported in July 2011, that his clinical examination found that claimant could walk with a normal gait, and that she exhibited normal muscle tone and strength (TR 283). A cervical MRI conducted a month later revealed just mild to moderate abnormalities (TR 422, 425).  Dr. Fram described as "minimal" any disc protrusions (TR 280). The  physician recommended that Plaintiff avoid repetitive use of her hands or working above shoulder level.  He encouraged her to walk and exercise regularly to help reduce her back discomfort (TR 280).  Dr. Clark stated in a letter dated August 2012, that Plaintiff continued to complain of back pain, memory problems and depression., Spinal X-rays, however, showed only minimal back abnormalities[2] (TR 333).

In light of this evidence, I suggest that the ALJ properly discounted Plaintiff's allegations of debilitating back, neck and hand symptoms because they conflicted with her reported activities.  As the ALJ noted, the claimant indicated that she purchased and prepared all her own meals, as she was a vegetarian (TR 234-235). She stated that she did her own laundry and dishes, and kept her room clean (TR 234). Plaintiff admitted that her hobbies included "reading, studying for college, writing/drawing/art, playing my guitar, listening to music, [and] spending time with my animals" (TR 236). She added that she spent time with

---

[2]While Dr. Clark did indicate a month later that Plaintiff was disabled (TR 334), the ALJ properly gave this statement little weight since the doctor failed to submit corroborating clinical evidence supporting his opinion and was inconsistent with the rest of the medical record.

friends and her boyfriend "regularly" (TR 236). Although she testified that she could perform these activities with breaks and the help from others, the ALJ reasonably concluded that they conflicted with her alleged inability to do anything with her hands and arms.

I further suggest that substantial evidence supports the finding that the claimant did not suffer from disabling depression or anxiety. A mental status evaluation in October 2011, by Dr. Christian Barrett, Ph.D., noted no significant psychological symptoms, disturbance of thought, or problems with concentration or attention that would affect the ability to perform work at a sustained pace (TR 328). Dr. Barrett determined that Plaintiff had some mild limitations with complex instructions, but she remained out-going and sociable (TR 330). The psychologist measured her Global Assessment of Functioning (GAF) at between 65 and 70, indicating just mild symptoms or limitations (TR 331).

Nor, I suggest, is there objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that did not require frequent climbing, exposure to unprotected heights, or having much interaction with co-workers and the general public.

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ,

who was the only one who had the opportunity to observe the demeanor of the witness,

evaluate what was said and how it was said, and to consider how that testimony fit in with

the rest of the medical evidence. Such observation is invaluable and should not be discarded

lightly.   Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).   See also Williamson v.

Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here

effectively shifted to the Commissioner the burden of proving that she had the vocational

qualifications to perform alternative jobs in the economy, notwithstanding her various

impairments. The Commissioner, however, met her burden of proving the existence of jobs

which accommodated claimant's known restrictions. In response to a hypothetical question

that took into consideration claimant's educational and vocational background, along with

her significant impairments[3], the Vocational Expert testified that there were numerous

unskilled callout operator and system surveillance monitor jobs that she could still perform

with minimal vocational adjustment (TR 63-64).  These jobs did not expose her to excessive

vibrations, unprotected heights or moving machinery.  She would be allowed a sit-stand

option provided she was not off task more than 10 percent of the workday.  The jobs

---

[3]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties.  The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve frequent climbing, or doing any overhead reaching. She was also limited to simple tasks that did not require complex thinking to accommodate her mental problems (TR 15). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

involved simple, routing and repetitive tasks free of fast paced production requirements. There would be few, if any, workplace changes, and only occasional interaction with the public and co-workers (TR 61, 63). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of</u>

<u>Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

 Within fourteen (14) days of service of any objecting party's timely filed objections,

the opposing party may file a response.  The response shall address specifically, and in the

same order raised, each issue contained within the objections.

s/ Charles E. Binder

CHARLES E. BINDER

Dated: August 5, 2015     United States Magistrate Judge