UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROOKE TASKILA,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

Case No. 14-12674

Honorable Nancy G. Edmunds

## OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S AUGUST 5, 2015 REPORT AND RECOMMENDATION [15]

This matter is before the Court on Plaintiff's objections to the magistrate judge's August 5, 2015 report and recommendation. (Dkt. No. 15). Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which specific objections have been filed, the Court hereby DENIES Plaintiff's objections and ACCEPTS AND ADOPTS the magistrate judge's report and recommendation. It is further ordered that Plaintiff's motion for summary judgment [12] is DENIED, Defendant's motion for summary judgment [14] is GRANTED, and the case is hereby DISMISSED.

The bulk of Plaintiff's "objections" are little more than rehashed--at times verbatim--arguments that were previously raised in her motion for summary judgment. "This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of*

*Soc. Sec.*, No. 1:12–47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). With respect to those objections that are sufficiently tied to a specific finding in the report and recommendation, Plaintiff argues that (1) the vocational expert failed to identify a sufficient number of jobs available in the local and national economy that would accommodate the limitations set forth in the Administrative Law Judge's ("ALJ") hypothetical, and (2) the ALJ failed to provide adequate reasons for discounting Plaintiff's treating physician's opinion that she was disabled and unable to work. The Court declines to address Plaintiff's third "objection", which generally maintains that "[t]he ALJ listed no objective medical evidence nor does the ALJ offer any analysis to [support] his residual functional capacity (RFC) determination." (Plf.'s Obj. 5). Not only does this argument "offer[] nothing of substance . . . that was not present in [her motion]", it is flatly contradicted by the ALJ's decision. *See Nickelson v. Warden, Chillicothe Corr. Inst.*, No. 11-00334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012).  Indeed, the record is clear that the ALJ considered a plethora of objective medical evidence in support of his RFC finding. *See* (Transcript,17-21, ALJ Decision).

Nor is the Court persuaded that the vocational expert ("VE") failed to identify a sufficient number of jobs that Plaintiff would be capable of performing. Under 42 U.S.C. § 423(d)(2)(A),

> an individual is disabled within the meaning of the Social Security Act only if his or her impairments are of such severity that he is not only unable to do his previous work but cannot, . . . engage in any other kind of substantial gainful work which exists in the national economy, . . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

The Sixth Circuit "addressed 'the difficult task of enumerating exactly what constitutes a 'significant number' [of jobs]' in *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988).'" *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009). While there is no magic line "between a 'significant number' and an insignificant number . . . .'", *Id.*, *Hall* advises that "[a] judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling [sic] to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." *Hall*, 837 F.2d at 275. These factors are "suggestions only- the ALJ need not explicitly consider each factor, and the Social Security Act make[s] it clear that the test is whether work exists in the *national economy*, not in plaintiff's neighborhood." *Harmon v. Apfel,* 168 F.3d 289, 292 (6th Cir.1999) (emphasis added).

Here, the ALJ considered four of the six *Hall* factors in support of his conclusion that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 23, ALJ Decision). In large part, the ALJ relied upon the VE's opinion that Plaintiff "would be able to perform the requirements of representative occupations such as call-out operator (100 jobs in region and 3,000 jobs nationally) and surveillance system monitor (100 jobs in region and 3,000 jobs nationally)." (*Id.*). The ALJ likewise considered the level of Plaintiff's disability, *see* Tr. 13-15, and the reliability of both the VE's opinion and the Plaintiff's testimony. *See* (Tr. 23, 15-22). Plaintiff argues, in summary fashion, that the numbers supplied by the VE--200 and 6,000, respectively--are simply too low to constitute "significant numbers." (Plf.'s Obj. 2). As the

3

court made clear in *Apfel*, however, "the number of jobs that contributes to the 'significant number of jobs' standard looks to the national economy—not just a local area.'" 168 F.3d at 292. Plaintiff fails to direct the Court's attention to any evidence that her physical limitations would prevent her from traveling outside the region for work. Moreover, even assuming, *arguendo*, that Plaintiff was confined to her local area, the Sixth Circuit has held that "125 relevant jobs can be a significant number of jobs in that region." *Stewart v. Sullivan*, No. 89–6242, 1990 WL 75248, at *4 (6th Cir.1990); *see, e.g., Nejat,* 359 F. App'x 574, 579 (6th Cir. 2009) ("the ALJ's count of 2000 jobs available . . . withstands Nejat's challenge."); *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1174–75 (6th Cir. 1990) (2500 jobs a significant number); *Mickelson–Wurm v. Comm'r*, 285 Fed.Appx. 482, 486–87 (9th Cir. 2008) (2000 jobs a significant number). As such, the Court finds that there is substantial evidence that a significant number of jobs exist in the national economy that Plaintiff is capable of performing.

In her final objection, Plaintiff argues that the ALJ failed to give proper weight to the opinion of Dr. Eric Clark, her treating physician. The Sixth Circuit has been clear that an opinion issued by a treating source is entitled to deference if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record,' . . . .'" *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quotations omitted).

The record contains two "opinions" issued by Dr. Clark related to Plaintiff's condition. The first--a letter written on August 9, 2012--chronicles Plaintiff's subjective complaints and states that she "continue[s] to have chronic neck and back pain with memory problems and depression." (Tr. 333, Dr. Clark Letter).  Assuming, as Plaintiff does, that this statement

4

constitutes Dr. Clark's medical opinion, the letter fails to provide any objective evidence in support of the "chronic" nature of Plaintiff's condition. On the contrary, Dr. Clark specifically notes that Plaintiff's x-rays showed only "*minimal* disc space narrowing with minimal rotoscoliosis . . . . " (Tr. 333, Dr. Clark Letter) (emphasis added). Moreover, as the ALJ accurately observed, Dr. Karim Fram's 2011 report likewise indicated that "Plaintiff's cervical MRI revealed *minimal* disk protrusions." (Tr. 280, Dr. Fram Report) (emphasis added). In other words, as the ALJ opined, Dr. Clark's letter "is conclusory with little explanation and the functional limits appear to be a sympathetic opinion." (Tr. 20, ALJ Decision). Without more, the ALJ, and this Court, is left only to guess what evidence Dr. Clark was relying in support of his decision.

Dr. Clark's second opinion is entitled to even less deference. On September 28, 2012, Dr. Clark noted--on a handwritten prescription pad--that "Brooke is my patient and is disabled. She is not able to work." (Tr. 334, Dr. Clark Note). Not only is this assertion contradicted by the objective medical evidence, "20 C.F.R. § 404.1527(e)(1) explicitly states that the conclusion of disability is reserved to the Secretary . . . . Subsection (e)(3) further elaborates that no 'special significance' will be given to opinions of disability, even if they come from a treating physician." *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (*citing* 20 C.F.R. § 404.1527(e)(3) (2006); SSR96–5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed. Reg. 34471, 34473 (Soc. Sec. Admin. July 2, 1996). Accordingly, the ALJ correctly gave little weight to Dr. Clark's conclusion that Plaintiff was disabled.

For the reasons thus stated, the Court DENIES Plaintiff's objections and ADOPTS the magistrate judge's report and recommendation.

5

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 16, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 16, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager